JUDGE KARAS

UNITED STATES DISTRICT COUNT
SOUTHERN DISTRICT OF NEW YORK

08 CIV 6949

-------------------------------------------------------------X

ARCHER M. WILKINS,

                       Plaintiff,             **COMPLAINT**

- against -

                    Civil Action No.

THE GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC., CHUCK McCUTCHAN,
SCOTT MILLER and JOHN RYAN,

             JURY TRIAL DEMAND

                      Defendants.

-------------------------------------------------------------X

U.S. DISTRICT COURT FILED JUL 09 2008 S.D. OF N.Y.

## NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964 and the Executive Law of the State of New York to recover damages against defendants for unlawful employment practices on the basis of race, age retaliation and hostile work environment. Plaintiff alleges that he was discriminated against by defendants when he was demoted from his position of District Manager because of his race and age and in retaliation for his complaints to management concerning discriminatory treatment and subjected to a hostile work environment in which management was nearly 100% "white" and racial slurs against minorities were prominent and routine in the workplace.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1334 and 1345. This action is authorized and instituted pursuant to Section 701 et seq. of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

3. Plaintiff also requests that the Court take jurisdiction over his pendent State law claims pursuant to Section 296 of the Executive Law of the State of New York ("Executive Law") which are based upon the same facts.

4. The unlawful employment practices alleged were committed within the jurisdiction of the United States Court for the Southern District of New York.

5. In or about December 2005, plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations by defendants of Title VII and the Executive Law. Plaintiff received a Notice of Right to Sue from the EEOC in or about February 2008, and all conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

6. Plaintiff Archer M. Wilkins is an African-American male, now 57 years old, and at all relevant times was, and still is, a resident of the State of New York, County of Westchester.

7. Upon information and belief, at all relevant times, defendant The Great Atlantic & Pacific Company, Inc. ("A & P") was and is a corporation organized and existing under the laws of the State of New York and has continuously been doing business in the State of New York, County of Westchester, and has continuously had at least 15 employees. A & P operates supermarkets in Westchester County, New York and in many other states in the United States.

8. At all relevant times, defendant Chuck McCutchan ("McCutchan") was a resident of the State of Connecticut, County of Fairfield, and was employed in the State of New York by A & P in the position of Vice President Operations and, later, Group President.

9. At all relevant times, defendant Scott Miller ("Miller") was a resident of the State of Pennsylvania, and was employed in the State of New York by A & P in the position of Vice President Operations. Miller has resided in the State of North Carolina since approximately September 2007.

10. At all relevant times, defendant John Ryan ("Ryan") was a resident of the State of New York, County of Westchester, and was employed in the State of New York by A & P in the position of District Manager.

11. During the period from approximately September 2004 to approximately September 2005, plaintiff reported to McCutchan and/or Miller, and from approximately September 2006 to September 2007, to Ryan.

FIRST CLAIM

12. Plaintiff was first employed by A & P in 1972 as an entry level clerk and worked his way up to District Manager in approximately 1990, in which position he had responsibility for the supervision of 10 to 15 supermarket stores and up to 1,200 employees in the lower New York region. Until April 2005, plaintiff regularly received the highest or nearly highest annual performance rating of the nine district managers in the lower New York region.

13. Upon information and belief, during plaintiff's 36 years as an employee of A & P, there was not a single other minority district manager and, out of approximately 110 stores in the region, there were less than five minority store managers.

14. From the beginning of plaintiff's employment to the present, the workplace at A & P has been permeated by an open culture of white superiority characterized by frequent use of the epithet "nigger" in reference to plaintiff and other African American employees. Examples of such slurs were directions given to plaintiff by A & P managers to scrub floors "shinier than a nigger toe," references to filbert nuts as "nigger toes" and to African Americans as "gator meat." The manager most responsible for these humiliating slurs, Wally Williams, went unchecked until he left the company voluntarily in the 1980's, but his disgusting treatment of African Americans has become part of company lore, passed down shamelessly by word of mouth in the presence of African American employees through generations of white managers at A & P.

15. In the mid-1990s, a manager by the name of Robert D'Andrea on a number of occasions insulted plaintiff by calling him a "f---ing boy," often in the presence of others, including Bill Clark; despite plaintiff's complaints to David Smithies, Group President, about these blatant insults, rather than being fired or disciplined, Mr. D'andrea was promoted to Vice President Merchandising.

4

16. In approximately 1998, plaintiff heard another employee refer to him as "Buckwheat" and reported the slur to John Dearani, Vice President Operations, and to Human Resources, but A & P took no action. Only after plaintiff reported the incident a second time was any disciplinary action taken.

17. In the 1990s until March 2004, David Smithies, continuously referred to plaintiff as "you people," as in "you [black] people like greens, don't you?" or "you [black] people don't retain well."

18. In the Spring 2004, A & P stepped up its discriminatory conduct toward plaintiff and other African American employees by embarking upon a course of conduct, which continues to date, designed to force plaintiff to resign his employment because of his age and race and in retaliation for his complaints to management about discriminatory conduct. Pursuant to the course of conduct, McCutchan and Miller in the ensuing 18 months engaged in every tactic imaginable to harass and embarrass plaintiff by recording unfair, untrue and discriminatory reports on the operation of stores within plaintiff's district. McCutchan and Miller, in contrast to their treatment of caucasion, younger managers, constantly visited plaintiff's stores without notice at all hours of the day and night, regardless of whether plaintiff had the day off, and demanded that he immediately appear at a distant store to rectify some manufactured or minor problem. The purpose of this discriminatory conduct was to create false negative comments for insertion into plaintiff's personnel file sufficient to justify plaintiff's demotion or termination as part of a planned reduction in force in 2005.

19. Pursuant to their discriminatory plan, defendants A & P, McCutchan and Miller caused plaintiff to receive a merely "good" performance review in April 2005 in contrast to decades of exceptional reviews received previously. In furtherance of defendants' plan, in October 2005, plaintiff was demoted from District Manager to Store Manager without business justification. In a further act of discrimination, defendants assigned plaintiff to a store in Portchester, New York, far away from his home, instead of any number of stores closer to his residence, and at the same time stripped him of his company car, leaving him no means of transportation to the one store left under his control. Not content with this humiliating, debilitating treatment, defendants A & P and McCutchan assigned Ryan to be plaintiff's District Manager in approximately September 2006 and for the next year until approximately September 2007, Ryan continued the same discriminatory harassment that McCutchan and Miller had previously engaged in.

20. Despite the extensive efforts by defendants to force plaintiff to leave his employment as described above, plaintiff has refused to resign from A & P.

21. The unlawful practices described above constituted discrimination based on plaintiff's race and were intentional and performed with malice or with reckless disregard of the rights of plaintiff and caused severe damage to plaintiff's mental and physical health.

22. By reason thereof, plaintiff is entitled to recover from defendants in amounts to be determined at trial, back pay from January 2004 and front pay,

compensatory and punitive damages and statutory attorneys' fees pursuant to Title VII.

## SECOND CLAIM

23. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "22" above as if fully set forth herein.

24. The unlawful practices described above constituted discrimination based on plaintiff's age and were intentional and performed with malice or with reckless disregard of the rights of plaintiff and caused severe damage to plaintiff's mental and physical health.

25. By reason thereof, plaintiff is entitled to recover from defendants in amounts to be determined at trial, back pay from January 2004 and front pay, compensatory and punitive damages and statutory attorneys' fees pursuant to Title VII.

## THIRD CLAIM

26. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "25" above as if fully set forth herein.

27. The unlawful practices described above constituted discrimination based on defendants' retaliation against plaintiff and were intentional and performed with malice or with reckless disregard of the rights of plaintiff and caused severe damage to plaintiff's mental and physical health.

28. By reason thereof, plaintiff is entitled to recover from defendants in amounts to be determined at trial, back pay from January 2004 and front pay, compensatory and punitive damages and statutory attorneys' fees pursuant to Title VII.

## FOURTH CLAIM

29. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "28" above as if fully set forth herein.

30. The unlawful practices described above constituted discrimination based on the hostile work environment maintained by defendants and were intentional and performed with malice or with reckless disregard of the rights of plaintiff and caused severe damage to plaintiff's mental and physical health.

31. By reason thereof, plaintiff is entitled to recover from defendants in amounts to be determined at trial, back pay from January 2004 and front pay, compensatory and punitive damages and statutory attorneys' fees pursuant to Title VII.

## FIFTH CLAIM

32. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "31" above as if fully set forth herein.

33. The aforesaid actions on the part of the defendants constituted discrimination based on race in violation of Executive Law section 296.

34. By reason thereof, plaintiff is entitled to recover from defendants damages consisting of back pay from January 2004 and front pay in an amount to be determined at trial, plus damages for mental and emotional pain and suffering in the amount of $10,000,000.

## SIXTH CLAIM

35. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "34" above as though fully set forth herein.

36. The aforesaid actions on the part of the defendants constituted discrimination based on age in violation of Executive Law section 296.

37. By reason thereof, plaintiff is entitled to recover from defendants damages consisting of back pay from January 2004 and front pay in an amount to be determined at trial, plus damages for mental and emotional pain and suffering in the amount of $10,000,000.

## SEVENTH CLAIM

38. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "37" above as though fully set forth herein.

39. The aforesaid actions on the part of the defendants constituted discrimination based on defendants' retaliation against plaintiff in violation of Executive Law section 296.

40. By reason thereof, plaintiff is entitled to recover from defendants damages consisting of back pay from January 2004 and front pay in an amount to be

determined at trial, plus damages for mental and emotional pain and suffering in the amount of $10,000,000.

## EIGHTH CLAIM

41. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "40" above as though fully set forth herein.

42. The aforesaid actions on the part of the defendants constituted discrimination based on the hostile work environment maintained by defendants in violation of Executive Law section 296.

40. By reason thereof, plaintiff is entitled to recover from defendants damages consisting of back pay from January 2004 and front pay in an amount to be determined at trial, plus damages for mental and emotional pain and suffering in the amount of $10,000,000.

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully requests that this Court:

a. Award plaintiff on each of his first, second, third and fourth claims, in amounts to be determined at trial pursuant to Title VII, back pay from January 2004 and front pay, compensatory and punitive damages and statutory attorneys' fees, against defendants;

b. Award plaintiff on each of his fifth, sixth, seventh and eighth claims, back pay from January 2004 and front pay and compensatory damages in the amount of $10,000,000, against defendants;

      c.      Award plaintiff her attorneys' fees as allowed by Title VII and common law and her costs and disbursements; and

      e.      Award plaintiff such other relief as the Court deems proper.

### JURY TRIAL DEMAND

The plaintiff requests a jury trial on all questions of fact raised by his complaint.

Dated: White Plains, New York
       July 8, 2008

LAW OFFICES OF BRUCE L STEINOWITZ

BY: *[signature]*
    BRUCE L. STEINOWITZ (BS0032)
Attorneys for Plaintiff
Ten Bank Street, Suite 650
White Plains, New York 10606
(914) 615-2200

/